979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joshua W. FENWICK, Defendant-Appellant.
 No. 91-10398.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Nov. 23, 1992.
 
 Before JAMES R. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case began when Joshua Fenwick filed a report with the FBI in Guam complaining of unauthorized withdrawals from the bank account of his company, Disco Light House, by its manager, John Limehouse. He also reported to the FBI that a Bank of Guam employee, Edna Silpao, had altered the signature card for the Disco Light House bank account. After Fenwick testified at her trial as a witness for the government, Silpao was convicted of the federal offense of altering bank documents. Fenwick subsequently testified before a grand jury investigating Limehouse.
 
 
 3
 Ultimately, it was Fenwick who was charged in a seven count superceding federal indictment. The first two counts charged him with making false statements to the FBI. Count IV charged him with a false declaration while testifying under oath during Silpao's trial. The remaining charges concerned allegedly false declarations before the grand jury. As a result of suspicion that Fenwick had perjured himself at Silpao's trial, her trial judge ordered a retrial, although the indictment was eventually dismissed. At Fenwick's trial, an FBI agent testified that the Silpao judge had ordered a retrial because he had been notified that there might have been some perjured testimony admitted. Fenwick's attorney did not object to the agent's testimony, but argues here that it was improperly admitted.
 
 
 4
 The assistant United States Attorney made a number of statements during her closing argument that Fenwick contends require reversal: 1) Fenwick caused the new trial in the Silpao case and that "Silpao, who did a criminal act, walked scot free because [Fenwick] lied in the case;" 2) Fenwick "lied" in his trial testimony; 3) the government has no intention of indicting Limehouse for embezzlement; 4) Fenwick committed a very serious offense; and, 5) "We've got to put a stop to [Fenwick's outrageous conduct] and this hopefully is how we're going to do it." Fenwick's lawyer failed to object to any of these comments at trial. The jury convicted Fenwick on Counts IV, V, VI, and VII, but acquitted him on Counts I, II, and III. He was sentenced to thirty months incarceration on each count, to run concurrently.
 
 
 5
 Because no objections were raised to any of the alleged errors at trial, we review Fenwick's claims on appeal for plain error. Fed.R.Crim.P. 52(b). We may correct only particularly egregious errors, those errors that seriously affect the fairness, the integrity, or public reputation of judicial proceedings. United States v. Young, 470 U.S. 1, 15 (1985). When addressing an assertion of plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim in light of the entire record. Id. at 16. In this circuit, reversal is appropriate if necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process. United States v. Laurins, 857 F.2d 529, 539 (9th Cir.1989).
 
 
 6
 The issue of improper prosecutorial argument is not an easy one. It is frequently difficult to draw the line between proper and improper comments. Here, the prosecutor crossed that line, though, undoubtedly, not intentionally, on at least one or two occasions. During closing argument, the prosecutor explicitly stated that Silpao's conviction was reversed because Fenwick had lied at her trial. This was improper for two reasons. First, because there was no evidence before the jury that Silpao's conviction had been reversed because of Fenwick's testimony, the prosecutor argued to the jury facts not in evidence. Second, the FBI agent had already testified that Silpao's judge had reversed her conviction because her judge believed someone had given perjured testimony. The prosecutor told the jury that the defendant was that person. In short, the prosecutor improperly informed the jury that the judge in Silpao's case had reversed her conviction because he had thought Fenwick committed perjury at that trial.
 
 
 7
 In Count IV, the jury was supposed to decide the very question of whether Fenwick had perjured himself at Silpao's trial. The prosecutor indicated to the jury that a judge had already reached that conclusion. After such a disclosure, the jury's ability to judge the evidence relating to Count IV fairly and impartially was severely compromised. The error was one that " 'seriously affect[ed] the fairness, the integrity or public reputation of judicial proceedings.' " Young, 470 U.S. at 15 (citation omitted); See also, Laurins 857 F.2d at 539. Because the error was plain, Fenwick's conviction on Count IV must be reversed.[1] However, because the remainder of Fenwick's convictions pertained to false statements unrelated to the Silpao case, the jury's consideration of them was unaffected by this particular error.
 
 
 8
 The prosecutor's statement that the government would not indict Limehouse for embezzlement had the effect of vouching for Limehouse's credibility. See Commentary to ABA Standard for Criminal Justice 3-5.8, at 3-90 (rev. ed. 1986). However, a court must consider whether an improper prosecutorial remark had an effect on the jury's ability to judge the evidence fairly. Young, 470 U.S. at 12. If the prosecutor's remark had been "invited" by the conduct of defense counsel and did no more than respond substantially in order to "right the scale," such comment would not warrant reversing a conviction. Id. at 12-13 (the "invited response rule"). Here, defense counsel stated during his closing that the government would probably "go after" Limehouse if Fenwick were acquitted. Under the invited response rule, the prosecutor's reply, although improper, was not plain error. See id. at 15.
 
 
 9
 Nor do the prosecutor's statements that Fenwick lied rise to the level of plain error. As a general rule, a prosecutor may not express his or her opinion of the defendant's guilt. United States v. Molina, 934 F.2d 1440, 1444 (9th Cir.1991); Standard 3-5.8(b). However, the prosecution has reasonable latitude to make closing arguments, which includes the freedom to argue reasonable inferences from the evidence. Thus, if a case can essentially be reduced to two conflicting stories, then it may be reasonable for the prosecution to argue that the defendant is lying. Molina, 934 F.2d at 1445.
 
 
 10
 In the present case, the assistant United States Attorney spent a considerable portion of her closing argument reciting the inconsistencies between Fenwick's statements and the government's evidence. While it would have been preferable for her to have stated that the evidence would convince the jury that Fenwick had lied on the stand during the trial, her charges of lying must be placed in the context of her argument. Also, there was more than sufficient evidence for a reasonable jury to have convicted Fenwick on counts V-VII. The prosecutor's statements that Fenwick lied to the jury may have been inappropriate but they did not constitute plain error.
 
 
 11
 The prosecutor's statements that Fenwick's actions were "most serious" and that "we've got to put a stop to it, and this hopefully is how we're going to do it," were also improper. They were a violation of a prosecutor's duty to refrain from arguments to inflame the passions or prejudices of the jury. Standard 3-5.8(c). The statements also conflicted with her duty to refrain from arguments that would divert the jury from its duty to decide the case on the evidence by injecting issues broader than the guilt or innocence of the accused under controlling law, or by making predictions of the consequences of the jury's verdict. Standard 3-5.8(d).
 
 
 12
 In Young the Supreme Court reviewed for plain error a prosecutor's comment during rebuttal argument that the jury should "do its job." The Court held that the comment was improper, but did not rise to the level of plain error when viewed in context of the unfounded and inflammatory attacks and countercharges that counsel had launched towards each other during their argument. 470 U.S. at 18. The Court found the comments did not influence the jury to stray from its responsibility to stay fair and unbiased. The prosecutor's comments present a greater danger than those discussed in Young. However, we believe that they did not bias the jury. The jury's vote for acquittal on three of the seven counts is a strong indication that the jury weighed the evidence and ignored the prosecutor's invitation to base its verdict on improper grounds. The prosecutor's comments fall short of plain error.
 
 
 13
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we reverse on count IV due to the prosecutor's improper argument, we need not reach the question of whether the admission of the FBI agent's testimony was itself plain error